IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YOLANDA WILLIAMS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0561-M |
| | § | |
| CINTAS CORPORATION, ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a civil action brought by Yolanda Williams, appearing *pro se*, against her former employer, Expect First Aid Corporation, a division of Cintas Corporation. On March 29, 2007, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Plaintiff, an African-America female, was employed by defendants as an accounts receivable representative from July 2000 until July 31, 2002. During her two-year tenure with the company, plaintiff alleges that she was subjected to a hostile work environment and retaliated against for complaining of race discrimination. Plaintiff maintains that she was forced to resign because of discriminatory treatment. Defendants, on the other hand, claim that plaintiff voluntarily left the company because she did not want to commute to their new location.

Less than two weeks after her resignation, plaintiff sought unemployment benefits from the Texas Workforce Commission ("TWC") and filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). After investigating plaintiff's claims, both agencies sided with defendants. Thereafter, plaintiff filed suit in federal district court alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981. Because plaintiff had executed an employment agreement with a compulsory arbitration clause, the district court dismissed the lawsuit and ordered the parties to binding arbitration. *Williams v. Cintas Corp.*, No. 3-03-CV-0444-L, op. at 5 (N.D. Tex. Jun. 30, 2003). The arbitrator subsequently ruled that plaintiff was not entitled to any relief because she had voluntarily resigned her employment. Plaintiff then filed a second lawsuit against defendants attacking the arbitration award and reurging her Title VII race discrimination and retaliation claims. The district court dismissed the case on the pleadings. *Williams v. Cintas Corp.*, No. 3-05-CV-0668-P, op. at 9 (N.D. Tex. Jul. 15, 2005), *aff'd*, 169 Fed.Appx. 180 (5th Cir. 2006), *cert. denied*, 127 S.Ct. 92 (2006).

Dissatisfied with this result, plaintiff now sues defendants for giving false testimony before the TWC and EEOC. According to plaintiff, defendants intentionally deceived both agencies by committing perjury and relying on forged documents which, in turn, deprived her of fair judicial process during these proceedings. By this suit, plaintiff seeks compensatory damages in the form of lost wages and benefits, punitive damages, and attorney's fees.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1) is frivolous or malicious;

(2) fails to state a claim upon which relief can be granted; or

(3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

In her complaint, plaintiff states that "[t]his is an action under Title 18 U.S.C. seeking Justice for the crimes committed by the Defendants." (Plf. Compl. at 2, ¶ 5). Her only claims are for perjury and obstruction of justice in violation of 18 U.S.C. § 1001, 1505 & 1621 and Tex. Penal Code Ann. § 37.03. However, federal courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action. *See, e.g. Ivey v. Nat'l Treasury Employee's Union*, No. 05-1147, 2007 WL 915229 at *5 (D.D.C. Mar. 27, 2007) (no private cause of action under 18 U.S.C. §§ 1001 & 1621); *Boisjoly v. Morton Thiokol, Inc.*, 706 F.Supp. 795, 807 (D. Utah 1988) (same as to 18 U.S.C. § 1505); *Weiland v. Byrne*, 392 F.Supp. 21, 22 (N.D. Ill. 1975) (same as to 18 U.S.C. §§ 1505 & 1621). Nor is there a private right of action for civil perjury under Texas law. *See Fermin v. Conseco Direct Life Ins. Co.*, Nos. SA-98-CA-0943-NN & SA-00-CA-1063-NN, 2001 WL 685903 at *14 (W.D. Tex. May 1, 2001) (citing Texas cases). For these reasons, the claims against defendants should be dismissed with prejudice.

**RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 10, 2007.

                                     JEFF KAPLAN
                                     UNITED STATES MAGISTRATE JUDGE